## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SCOTT SOLOMAN,**

        **Petitioner,**

**v.**                                                                                     **Civil Action No. 3:07cv48**
                                                                                                 **(Judge Bailey)**

**WAYNE A. PHILLIPS, Warden,[1]**

        **Respondent.**

## ROSEBORO NOTICE

On November 2, 2007, the respondent filed a Motion to Dismiss as Moot in the above-styled case. Because the petitioner is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file responsive material, and to alert him to the fact that his failure to respond could result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Wayne A. Phillips, is hereby substituted for Louis Esparza, as the respondent in this case. The **Clerk** is directed to make the necessary change to the docket.

allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957).

Therefore, within **thirty (30) days** from the date of this Order, the petitioner shall file any opposition he has to the respondent's motion, explaining why his case should not be dismissed. Petitioner must serve the respondent with any response he files.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the pro se petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk is further directed to provide copies of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 6, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE